Gamma Law, P.C.
Duy Thai, SBN 157345
Email: dthai@gammalaw.com
Marco Martemucci, SBN 287397
Email: mmartemucci@gammalaw.com
One Sansome Street, Suite 3500
San Francisco, California 94104
Tel.: 415.296.9927
Fax: 415.901.0512

Attorneys for Applicant
Cover Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re *Ex Parte* Application of<br><br>Cover Corporation,<br><br>               Applicant. | Case No.:<br><br>***EX PARTE* APPLICATION OF COVER CORPORATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS;**<br><br>**AND**<br><br>**SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |

*Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782

### *EX PARTE* APPLICATION

Applicant Cover Corporation, a Japanese corporation ("Applicant"), hereby makes this *ex parte* application for an order pursuant to 28 U.S.C. § 1782 authorizing discovery for use in foreign proceedings ("Application"). This Application seeks limited discovery from Google LLC and is supported by the supporting memorandum below and the Declaration of Keisuke Tanaka filed concurrently herewith. The proposed subpoena to be served is attached to this Application as **Exhibit A.**

### SUPPORTING MEMORANDUM

### I. BACKGROUND

Applicant is a Japanese corporation, located in Japan, whose business involves representing virtual performers on YouTube. Declaration of Keisuke Tanaka ("Tanaka Decl.") ¶ 1. Google LLC ("Google") owns and operates "gmail.com," an email service, and its principal office is located in Mountain View. Tanaka Decl. ¶¶ 4 & 7 & Ex. 1 thereto.

Applicant is an agency representing "Virtual YouTubers," commonly known as "VTubers," who use avatars of fictional characters and post videos on YouTube. Tanaka Decl. ¶ 9. The intellectual property rights, including copyrights and publicity rights with regards to the name and design of the 3D character displayed as a VTuber, belong to Applicant. *Id.* ¶ 10. Applicant manages and oversees the videos posted by its VTubers and their communications on social media, directing and supervising all activities related to the VTubers. *Id.* The management rights of the YouTube channel in question and the copyrights of the videos also belong to Applicant. *Id.*

One of Applicant's VTubers under management is an individual who performs under the name "Shirakami Fubuki" (the "Talent") and is a member of the VTuber idol group "Hololive Production." Tanaka Decl. ¶ 11. The Talent mainly performs on the video sharing website "YouTube," and posts videos on a channel called "Fubuki Ch. Shirakami Fubuki." *Id.*

*Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782

On January 16, 2024, Talent and other VTubers under Applicant's management posted a video addressing a controversy involving "Yozora Mel," a first-generation member of Hololive Production ("Hololive First Generation"). *Id.* ¶ 12-13. The controversy involved the the contract termination of "Yozora Mel" and the Talent, along with other members of Hololive First Generation – aside from "Yozora Mel" – conducted a video stream titled "A Message from Hololive First Generation to Our Fans" on their YouTube channel. *Id.* ¶ 14. The main content of this stream included the importance of "Yozora Mel" as a cherished colleague who had worked closely with them, their thoughts on the controversy, and their intentions regarding future activities. *Id.*

On or about January 16, 2024, an individual on the social media platform X (formerly, Twitter) under the account name "@arareGZlq" (the "Anonymous Individual") posted a comment which read (translated from the original Japanese), "What a wonderful stream to casually mourn a contract violator. Cry appropriately and appeal for sympathy, and make money while you're at it" (the "Post"). Tanaka Decl. ¶¶ 17-18, and Ex. 2 thereto. According to Applicant's counsel in Japan, the Post exceeds the bounds of a mere critical comment and infringes upon the Applicant's business rights in ways that are actionable under Japanese law. *Id.* ¶¶ 12, 18-22. Namely, that the Post significantly tarnishes the image of the Talent and undermines the commercial value of the Talent held by Applicant by falsely accusing the Talent of deceiving viewers to earn revenue, resulting in financial damage to Applicant. As such, the Post infringes upon Applicant's business rights under Japanese law. *Id.* ¶¶ 21-22

Applicant intends to file civil lawsuits in Japan against the Anonymous Individual under Article 709 of the Civil Code of Japan for damages stemming from the Anonymous Individual's infringement upon Applicant's rights in the Talent's value. *Id.* ¶ 8. Based on the facts collected, the civil lawsuit that will be filed upon discovering the true identity of the Anonymous Individual will withstand a motion to dismiss in a civil court of Japan. *Id.* ¶ 25. Applicant therefore seeks Court authorization to conduct limited discovery by

*Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782

serving a subpoena upon Google, which is located in this district, to discover personal identifying information ("PII") that can be used to identify the true identity of the Anonymous Individual. Tanaka Decl. ¶¶ 28-29.

## II. *EX PARTE* CONSIDERATION OF SECTION 1782 APPLICATION IS PROPER

Applications made under 28 U.S.C. § 1782 are typically considered on an *ex parte* basis, because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co, KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014). Consequently, orders granting Section 1782 applications typically only provide that discovery is "authorized," and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*. *In re Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

## III. LEGAL STANDARD

Section 1782 permits authorization of discovery where three requirements are satisfied: (1) the person from whom the discovery is sought "resides or is found" in the district of the court where the application is made; (2) the discovery is "for use in a proceeding in a foreign or international tribunal . . . ."; and (3) the application is made by a foreign or international tribunal or "any interested person." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019); 28 U.S.C. § 1782(a).

The Supreme Court in *Intel* identified four discretionary factors to be considered by a court when exercising its discretion to authorize discovery pursuant to Section 1782: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an

*Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782

attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *In re* Premises Located *at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011) (cleaned up) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous proceeding here. See *Intel*, 542 U.S. at 247, 261-63. "Section 1782 is a provision for assistance to tribunals abroad. It does not direct United States courts to engage in comparative analysis to determine whether analogous proceedings exist" in the United States. *Id.* at 244. Further, production of documents or testimony may be ordered for use in a foreign legal proceeding under Section 1782 as long as the disclosure would not violate a legal privilege. *Id.* at 249.

A district court's discretion is guided by the twin aims of Section 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to U.S. courts. *In re Ex Parte Application of Med. Inc. Ass'n Smile Create*, No. 19-mc-80230-VKD, 2019 WL 4933582, at *2 (N.D. Cal. Oct. 7, 2019) (citing *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004)).

## IV. ARGUMENT

### 1. This Application Satisfies the Three Requirements of Section 1782

#### A. Google "resides or is found" in this district

The first requirement is met.  Google "resides or is found" in this district as its principal office is in Mountain View, California, in this district. Tanaka Decl. ¶ 7 & Ex. 1 thereto. *See* In re Todo, No. 5:22-MC-80248-EJD, 2022 WL 4775893, at *2 (N.D. Cal. Sept. 30, 2022) ("*In re Super Vitaminas, S.A.*, 2017 WL 5571037, at *2 (N.D. Cal. Nov. 20, 2017) (finding that an office within the district satisfies the requirement); *In re TPK*

*Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782

*Touch Sols. (Xiamen) Inc.*, 2016 WL 6804600, at *2 (N.D. Cal. Nov. 17, 2016) (finding subpoenaed party was "found" within the district because it maintained an in-district office). Courts have also concluded that companies are found in a district where 'they conduct systematic and continuous local activities in this district.' *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1036–38 (N.D. Cal. 2016)").

> ### B.   The civil action in Japan is within reasonable contemplation

To meet the second requirement, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. *Intel*, 542 U.S. at 259. All that is required by the statute is that a "future proceeding is within reasonable contemplation." *Id.* (holding that discovery was proper under Section 1782 even though the applicant's complaint was still only in the investigative stage).

The second requirement is met, because the discovery sought is for purposes of civil lawsuits to be filed in Japan. Tanaka Decl. ¶¶ 28-29. Civil lawsuits in Japan are "within reasonable contemplation" because Applicant intends to file the civil lawsuits once the true identities of the Anonymous Individuals are ascertained. *Id.*

> ### C.   The Applicant, as a putative plaintiff, is an interested person

The third and final requirement is met, because Applicant, as putative plaintiff, is an interested person. *Id.* ¶¶ 25; see *Intel*, 542 U.S. at 256 (litigants are most common example of interested person).

## 2. The Supreme Court's *Intel* Factors Strongly Favor Granting the Application

The four discretionary Intel factors weigh heavily in favor granting Applicant's request.

> ### A.   Google, from whom discovery is sought, is not a party in the foreign proceedings

The first *Intel* factor is whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. Under this factor, "the key

*Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782

issue is whether the material is obtainable through the foreign proceeding." *In re Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *3 (N.D. Cal. Mar. 24, 2016). This is so, because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) a*Id.*" *Intel*, 542 U.S. at 264. Google will be a nonparticipant in the civil action in Japan. Tanaka Decl. ¶ 29. Furthermore, it is located in this district. *Id.* ¶ 7 & Ex. 1 thereto. For the foregoing reasons, they are outside Japan's jurisdictional reach, and hence, evidence available in the United States from them is unobtainable by Applicant absent Section 1782(a)*. Id.* ¶ 29; see *Intel*, 542 U.S. at 264. Therefore, this first factor weighs in favor of authorizing discovery.

B. <u>Japanese courts are receptive to U.S. federal court judicial assistance</u>

The second *Intel* factor requires the Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Ex Parte Application Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4. Under this factor, "courts look for authoritative proof that a foreign tribunal would reject evidence obtained with the aid of § 1782." *In re Application of Joint Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016). In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782, courts tend to err on the side of permitting discovery. *See Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 915 (N.D. Cal. 2019) (citation omitted). In the absence of evidence that a foreign court would object to the discovery of the information sought in the subpoena, or that a foreign court objects more generally to the judicial assistance of U.S. federal courts, this factor weighs in favor of authorizing discovery. See, e.g., *In re Med. Corp. H&S*, No. 19-mc-80058-VKD, 2019 WL 1230440, at *3 (N.D. Cal. Mar. 15, 2019).

*Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782

There are no known restrictions imposed by or any policies under the laws of Japan limiting U.S. federal court judicial assistance, and courts of Japan are receptive to assistance in discovery by U.S. federal courts, including for discovery of PII of individuals acting anonymously online. Tanaka Decl. ¶¶ 30-31. Furthermore, this Court in the past has granted Section 1782 discovery for use in proceedings in Japan. See, e.g., *In re Med. Corp. H&S*, 2019 WL 1230440; *In re Med.Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072 (N.D. Cal. Aug. 10, 2021).

Because there is evidence showing that courts of Japan are receptive to U.S. federal court judicial assistance, and there is nothing to show that courts of Japan would object to discovery of the information sought by this Application, this factor weighs in favor of authorizing discovery.

### C.   This Is Not an Attempt to Circumvent Foreign Proof-Gathering Restrictions

The third *Intel* factor is whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264-65. Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018) (third *Intel* factor weighs in favor of discovery where there is "no evidence" of an attempt to circumvent foreign proof gathering restrictions or policies). Applicant is not attempting to circumvent any foreign proof-gathering restrictions or other policies of Japan or the United States. Tanaka Decl. ¶ 32. Nothing suggests that Applicant is attempting to circumvent foreign proof-gathering restrictions or applicable polices, so this factor weighs in favor of authorizing discovery.

*Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782

#### D. The discovery requested is narrowly tailored, limited in scope, and relevant

The fourth *Intel* factor is whether "the discovery requested is unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad "fishing expedition" for irrelevant information. *In re Ex Parte Applicate of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016). The discovery sought here is narrowly tailored to seek only sufficient information to identify the Anonymous Individuals, and is not unduly intrusive or burdensome, because Applicant seek discovery of only PII such as names, addresses, telephone numbers, and e-mail addresses, or information that will lead to the discovery of PII such as access logs for limited periods of time, which information is stored by Google in the ordinary course of their business. Tanaka Decl. ¶¶ 33-35; *see In re Frontier Co., Ltd.*, No. 19-mc-80184-LB, 2019 WL 3345348, at *5 (N.D. Cal. July 25, 2019) (granting a Section 1782 request to issue a subpoena for the name, address, email address, telephone number, and name and address on credit cards); *In re Med. Corp. Seishinkai*, 2021 WL 3514072, at *4-5 (authorizing similar discovery).

As for the access logs, discovery of the IP address and the corresponding port number and date and time that the IP address was used (commonly known as a timestamp) is reasonable and necessary because IP addresses and port numbers are assigned by an internet service provider (the "ISP") when a user accesses the internet. Tanaka Decl. ¶ 36. Because of this, different people may be using the same IP address at different points-in-time. *Id.* Therefore, without both the IP address and the corresponding timestamp, a Japanese court will be unable to order an ISP to disclose PII of the tortfeasor, because it will be unclear which of the users of the subject IP address used the IP address at a specific point-in-time. *Id.* The IP address, port number and timestamp are all necessary for a Japanese court to order an ISP to disclose PII sufficient to identify the Anonymous

*Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782

Individual, and for the ISP to pinpoint the relevant person using that information. *Id.*[1]

For the foregoing reasons, this factor also weighs in favor of authorizing discovery.

**V. CONCLUSION**

Applicant has met each of the requirements of Section 1782, and all of the discretionary *Intel* factors weigh in favor of authorizing discovery. In light of the twin aims of Section 1782 to provide efficient assistance to foreign litigants and to encourage foreign countries by example, this Court should exercise its discretion to authorize limited discovery from Google, so that Applicant can identify the Anonymous Individual and file a civil lawsuit in Japan.

Dated: May 22, 2025                          Gamma Law, P.C.
                                             Duy Thai
                                             Marco Martemucci

                                             By:  /s/Marco Martemucci_____
                                                    Marco Martemucci
                                             Attorneys for Applicant Cover Corporation

---

[1] Additionally, the subpoenas comply with the Stored Communications Act, 18 U.S.C. § 2701 et seq., because they do not seek the contents of communications from the accounts See, e.g., *Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, No. C 12-80242, 2013 WL 256771 (N.D. Cal. Jan. 23, 2013) (discussing prohibitions of the Stored Communications Act).

*Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782